

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# Hirts v. Hirts

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3440

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hirts v. Hirts" (2005). *2005 Decisions.* Paper 401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3440
_____

IN RE THE APPLICATION OF
HENRI-PIERRE ROBERTS HIRTS,
Petitioner for Miranda Christine Hirts
and Liam Alexander Hirts,

Appellant

v.

MAUREEN HIRTS;
DONALD C. MCCANN;
DIANNE MCCANN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-03156)
District Judge:  Honorable James K. Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2005

Before:  ROTH, McKEE and FISHER, *Circuit Judges*.

(Filed: October 17, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

I.

Appellant Henri-Pierre Robert Hirts appeals from an order of the District Court awarding him attorney's fees and costs pursuant to 42 U.S.C. § 11607(b)(3). Hirts challenges the District Court's calculation of the amount due, and the District Court's reduction in the ultimate award. Finding neither error nor abuse of discretion in the calculation and reduction, we will affirm the District Court's order. As we write only for the parties, we will set forth only those facts necessary to our analysis.

II.

In March, 2003, Appellant, a resident of Germany, traveled to the United States with his wife, Appellee Maureen Hirts, and their two children, to visit Maureen Hirts's parents, Diane and Donald McCann. When Appellant returned to Germany at the end of the month, Appellee Hirts remained in Pennsylvania with the children, and subsequently told Appellant that she planned to remain in the United States and not return to Germany. Appellant filed a petition for the return of the children pursuant to the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601, naming as defendants Appellees Maureen Hirts, Diane McCann, and Donald McCann. Donald McCann was subsequently dismissed as a defendant. On July 16, 2003, the District Court ordered the children's return, and Appellant petitioned for an award of attorney's fees and expenses as provided by ICARA, 42 U.S.C. § 11607(b)(3). Appellant claimed $37,744,24 in fees and costs, of

2

which the District Court found $31,958.45 to be properly payable under ICARA. The District Court then found that the award was "clearly inappropriate" under 42 U.S.C. § 11607(b)(3), and reduced it to $20,000. Appellant challenges both the calculation of the amount due and the reduction in the award ordered.

## III.

Our review of the legal standard used by the District Court in calculating an award of attorney's fees and costs is plenary. *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990). We review the District Court's determination of the amount of fees and costs owing for abuse of discretion. *Id*.

## A.

The District Court applied the correct legal standard in calculating the award. In its order, the District Court cited 42 U.S.C. § 11607(b)(3), which provides that costs and fees are recoverable when they are "related to the return of the child unless respondent establishes that such order would be clearly inappropriate." The District Court then examined Appellant's claimed expenses to determine which of them were "related to the return of the children," excluding expenses which were unrelated, or only tangentially related, to the litigation. After determining the amount of Appellant's recoverable costs, the Court properly considered the financial circumstances of Appellees when deciding whether the award was "clearly inappropriate."

B.

We will affirm a District Court's findings as to the amount of costs and fees recoverable by a prevailing party unless "no reasonable person would adopt the district court's view." *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990). The District Court reduced Appellant's recoverable costs from the $37,744,24 Appellant sought to $31,958.45, excluding the following items: feeding and clothing the children during the pendency of litigation; purchase of computer equipment; gasoline; legal fees incurred in Appellee's state-court support action; and legal fees incurred by Appellant in Germany, after the entry of the order for the return of the children. In each case the District Court adequately explained its reasoning, and we find no abuse of discretion.

The District Court then reduced the award to $20,000 upon consideration of Appellees' financial circumstances. With respect to Appellee Maureen Hirts, the District Court found that any award against her would be clearly inappropriate. The District Court explained that she had virtually no assets; that she had few or no prospects for employment because of her immigration status in Germany; and that at the time of the order, she was residing in a homeless shelter and was receiving government assistance. The District Court did not abuse its discretion in so finding.

With respect to Appellee Diane McCann, the District Court found that she had few assets and little income, but that her financial circumstances were not so straitened as to render any award inappropriate. The award against Appellee McCann remains

significant; indeed, the amount awarded against McCann, $20,000, comes to nearly half of her total assets. The reduction of the award against Appellee McCann was not an abuse of discretion.[1]

IV.

The District Court neither erred in determining the correct legal standard to apply to the calculation of recoverable costs, nor abused its discretion in calculating the costs and considering Appellees' financial circumstances. Accordingly we will affirm the order of the District Court.

---

[1]Appellees do not protest the award as unreasonably *high*. However, we think it appropriate to draw the District Court's attention to its misstatement of Appellee Diane McCann's income. The District Court found that McCann "receives a pension of $309.60 a month." The record, however, reveals that figure to be incorrect. Appellees' Trial Exhibit 10, McCann's financial statement, lists as her sole income a pension of $25.80 per month; $309.60 is the *yearly* figure ($25.80 * 12). The District Court therefore found that Appellee McCann has a yearly income of $3715.20, which is $3405.60 more than she actually makes. (In fact, the record indicates that even the $25.80 figure may be too high. McCann testified that her monthly pension has been reduced from $25.80 to $19.62 per month. The District Court, indeed, interrupted cross-examination of McCann to confirm the figure: "Q: And you're collecting your pension, is that correct? A: Yes. Q: How much are you receiving? A: $19.62 a month. Q: And... THE COURT: $19.62 a month? A: I was a part-time employee and my benefits went when I became eligible for Social Security. It used to be 25." Trial Tr. 99, Apr. 2, 2004.) The District Court's conversion of the yearly amount to a monthly amount was no doubt inadvertent, and in light of the procedural posture of this appeal we decline to vacate the award sua sponte. Given the District Court's findings with respect to Appellee's assets, and the deterrent purpose of such awards under ICARA, we think it at least conceivable that the District Court would have ordered the same award had it had before it the correct income figure. We observe, however, that while the District Court has wide latitude in setting the amount of costs awards, to do so on the basis of a calculation that overstates the responsible party's income by a factor of twelve is to settle on the frontiers of permissible discretion.

5